FILED
01 AUG -2 AM 10: 29
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

AUG 2 2001
ISSUED

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| DANIEL M. KARL<br>11900 Summers Road<br>Chesterland, Ohio 44026<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY HOSPITALS<br>HEALTH SYSTEM/<br>GEAUGA REGIONAL HOSPITAL<br>13207 Ravenna Road<br>Chardon, Ohio 44024<br><br>Defendant. | CASE NO. 1:01CV1874<br>JUDGE JUDGE O'MALLEY<br><br>**COMPLAINT FOR AGE DISCRIMINATION**<br><br>(Jury Demand Endorsed Hereon) |

NOW COMES Plaintiff Daniel M. Karl, by and through counsel, and files this Complaint against Defendant University Hospitals Health System/Geauga Regional Hospital ("UHHS"), based upon the following accusations:

## PARTIES

1. Plaintiff Daniel M. Karl is an individual citizen of the State of Ohio.

2. Defendant UHHS is a corporation licensed to do business in the State of Ohio and has its principal place of business in Ohio.

## JURISDICTION AND VENUE

3. This action arises under §7 of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §626, and 16(b) of the Fair Labor Standards Act (FLSA), 29 U.S.C. §216(b), 42 U.S.C. §2000e-5, and Ohio Rev. Code §4112.02.

4. Jurisdiction over Count I of this action is conferred on this Court by §7 of the ADEA, 29 U.S.C. §626, and 42 U.S.C. §2000e-5, respectively, and 28 U.S.C. §1331 because the action arises under the laws of the United States. Jurisdiction under Count II of this action is founded upon pendent jurisdiction.

5. Venue is properly laid in the Northern District of Ohio, Eastern Division, because Defendant is doing business under the name Geauga Regional Hospital at 13207 Ravenna Road, Chardon, Ohio and the claims alleged herein arose in Geauga County, Ohio.

## COUNT I
## (Age Discrimination—ADEA/FLSA)

6. Plaintiff incorporates by references all the allegations and assertions contained in paragraphs 1 –5 of this Complaint as if fully rewritten herein.

7. At all times mentioned, Defendant has engaged in the business of providing medical goods and services, affecting commerce, as defined in §11(g) of the ADEA, 29 U.S.C. §630(g). Defendant was and is therefore, engaged in commerce within the meaning of the ADEA and was and is engaged in an industry affecting commerce as defined in §11(h) of the ADEA, 29 U.S.C. §630(h).

8. Defendant is engaged in an industry affecting commerce and has employed twenty (20) or more employees at its location in Geauga County, Ohio for each working day in each of twenty (20) or more calendar weeks in the preceding calendar year. Defendant was and is, therefore, an employer within the meaning of §11(b) of the ADEA, 29 U.S.C. §630(b).

2

9. Plaintiff was born December 20, 1946 and was employed by Defendant or its predecessor entities for more than eighteen (18) years beginning in 1982.

10. During his years of employment with Defendant, Plaintiff had a good working record and was well-qualified for his position as manager of human resources.

11. In March 1999, Defendant's management informed Plaintiff (then age 52) that his position was being eliminated due to restructuring. Plaintiff's termination became effective April 2, 1999.

12. Thereafter, at least as early as April 18, 1999, Defendant advertised the opening of Plaintiff's previous position as manager of human resources.

13. On or about April 21, 1999, Plaintiff applied for the position of manager of human resources, as advertised by Defendant. Defendant did not hired Plaintiff to fill that position.

14. Defendant hired an individual younger than forty (40) years of age to fill the position.

15. Defendant's termination of Plaintiff was willful and wanton.

16. Defendant's assertion that Plaintiff's termination was the result of the elimination of Plaintiff's position was a pretext.

17. Defendant's termination of Plaintiff was based upon Plaintiff's age.

18. Defendant's refusal to rehire Plaintiff was based upon Plaintiff's age.

19. Prior to filing this action, Plaintiff filed a charge alleging unlawful discrimination on the basis of age with the Equal Employment Opportunity Commission (EEOC). More than sixty (60) days have elapsed since Plaintiff gave this notice to the EEOC.

20. As a direct and proximate result of Defendant's willful actions taken against Plaintiff because of his age, i.e.—termination and refusal to rehire, in violation of the ADEA, 29 U.S.C. §621, *et seq.*, and contrary to §16 of the F.L.S.A., 29 U.S.C. §216, it is due and owing to Plaintiff a sum equal to his back-wages to date, plus interest, damages for lost pension, insurance, and other fringe benefits, lost future earnings and front-pay, liquidated damages, and costs, including reasonable attorney's fees.

## COUNT II
### (Age Discrimination—Ohio Rev. Code §4112.02 (A) and (N))

21. Plaintiff incorporates by references all the allegations and assertions contained in paragraphs 1 –20 of this Complaint as if fully rewritten herein.

22. At the time of Defendant's termination of Plaintiff, Plaintiff was physically and mentally able to perform his duties and otherwise met the established requirements of his job and Defendant's intentional, willful and wanton termination of Plaintiff was discriminatory and was in violation of O.R.C. §§4112.02 (A).

23. At the time Plaintiff applied for his previous position, Plaintiff was physically and mentally able to perform the duties and otherwise met the established requirements of the job and Defendant's intentional, willful and wanton refusal to rehire Plaintiff was discriminatory and was in violation of O.R.C. §§4112.02 (A).

24. Defendant acted with malice and ill will towards Plaintiff and without regard for his legal rights in terminating him, refusing to rehire him, and otherwise discriminating against him with regard to tenure, terms, conditions, or privileges of employment, and other matters directly or indirectly related to his employment because of his age.

4

25. As a direct and proximate result of Defendant's actions as set forth above, Plaintiff has suffered:

   (a)   Loss of wages;
   (b)   Loss of pension benefits;
   (c)   Loss of insurance benefits;
   (d)   Loss of other fringe benefits;
   (e)   Loss of the opportunity to be able to continue the gainful employ in which he has been engaged for the prior 18 years;
   (f)   Loss of future earnings and front-pay;
   (g)   Loss of reputation;
   (h)   Humiliation, embarrassment, and loss of self-esteem;
   (i)   Loss of time and money in endeavoring to protect herself from Defendant's unlawful discrimination, including costs and reasonable attorneys' fees of this action.

WHEREFORE, Plaintiff prays as follows:

(a) That this Court award Plaintiff such equitable relief as is proper as compensation for the loss of his opportunity to engage in gainful employment, including relief in the form of front pay;

(b) That this Court award Plaintiff an amount to be determined at trial as compensation for his loss of opportunity to engage in gainful employment, and future earnings and for humiliation, embarrassment, loss of reputation, and loss of self-esteem;

(c) That this Court award Plaintiff an amount to be determined at trial as compensation for lost pension, insurance, and other fringe benefits;

(d) That this Court award Plaintiff liquidated damages under the ADEA in an amount equal to her award of back pay and fringe benefits;

(e) That this Court award Plaintiff punitive damages;

(f) That this Court award Plaintiff reasonable attorneys' fees and the costs of this action; and

(g) That this Court grant Plaintiff such other and further relief as may be just and equitable.

Respectfully submitted,

*/s/ John C. Henck/*

John C. Henck (0067171)
JOHN C. HENCK & ASSOCIATES CO., L.P.A.
23240 Chagrin Blvd., Suite 180
4 Commerce Park Square
Beachwood, Ohio 44122
Tel (216) 378-1579
Fax (216)- 514-1185

Attorney for Plaintiff
Daniel M. Karl

## JURY DEMAND

A trial by jury is hereby demanded by the maximum number allowed by law.

						_____
						John C. Henck, Esq.
						Attorney for Plaintiff